IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DARREN LASSITER, | ) | Case No. 1:21-CV-1228 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| CITY OF EAST CLEVELAND, | ) | |
| | ) | |
| Defendant. | ) | **REPORT & RECOMMENDATION** |
| | ) | |

Pending before the court is the defendant City of East Cleveland's motion for reconsideration of its motion to dismiss the action (ECF Doc. 16). Plaintiff Eric Lassiter has opposed the motion (ECF Doc. 17; ECF Doc. 19), and the City replied (ECF Doc. 18). The motion is now ripe for consideration.

This 42 U.S.C. § 1983 action arises from Lassiter's allegations that the City of East Cleveland, through its police officers, violated his constitutional rights by conducting an unlawful search and seizure of his property at the instigation of a private company with which he had contracted to perform plastering work on behalf of. *See* ECF Doc. 1. The City of East Cleveland moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(7) for failure to join a necessary party. *See* ECF Doc. 3. The court denied the motion. *See* ECF Doc. 4.

On August 1, 2022 – 14 months after the filing of Lassiter's complaint and 10 months after the court's denial of its motion to dismiss – the City of East Cleveland moved for

reconsideration of the ruling on its earlier motion. See ECF Doc. 16. It contends that the case should be dismissed because Lassiter's complaint was not filed within the appliable statute of limitations. See ECF Doc. 16.

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration; however, the Sixth Circuit has instructed that such a motion may be treated as a motion to alter or amend a judgment under Rule 59(e). See *Zheng v. Soufun Holdings Ltd.*, No. 1:15-CV-1690, 2016 U.S. Dist. LEXIS 99751, at *1-2 (N.D. Ohio Jul. 29, 2016). A court may grant a motion for reconsideration if there was a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. See *id*. at *2; *see also Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Such motions, however, "may not be used by the losing party to renew arguments previously considered and rejected by the court, nor to raise new legal theories that should have been raised earlier." *Zheng*, 2016 U.S. Dist. LEXIS 99751, at *2. Moreover, under Fed. R. Civ. P. 8(c), a defense based upon the statute of limitations is waived if not raised in the first responsive pleading.

I recommend that the City of East Cleveland's motion for reconsideration be denied. The City raises arguments based on a new legal theory – the statute of limitations - and does not address why the argument could not have been raised earlier. Further, such a defense was not preserved in the City's answer. See ECF Doc. 10. As a result, the argument is procedurally improper and waived, and the motion should be denied.

Dated: November 10, 2022

Thomas M. Parker
United States Magistrate Judge

_____

**Objections, Review, and Appeal**

Within 14 days after being served with a copy of this report & recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge. Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C.§ 636(b)(1); Local Rule 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

*  *  *

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 U.S. Dist. LEXIS 100383, at *5-6 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878–79 (6th Cir. 2019).